IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROBERT HISCOX,

            Plaintiff,               No. CIV S-10-0467 JAM CKD

    vs.

MIKE MARTEL, et al.,

            Defendants.       ORDER

_____/

       Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983.  On June 7, 2010, plaintiff's original complaint was dismissed with leave to amend.  (Dkt. No. 9.)  On October 14, 2010, plaintiff filed the First Amended Complaint (FAC).  (Dkt. No. 17.)

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

11  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

12  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

13  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted

14  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

15  S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

16  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

17  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

18   In reviewing a complaint under this standard, the court must accept as true the

19  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

20  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

21  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22   Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.

23  See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set

24  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

25  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

26  requires only "sufficient allegations to put defendants fairly on notice of the claims against

2

1    them." <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of

2    the cause of action are present, but are scattered throughout the complaint and are not organized

3    into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is

4    proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

5              Plaintiff brings the FAC against twenty named defendants at Mule Creek State

6    Prison.  He alleges that defendants were deliberately indifferent to dangerous upper bunk beds

7    and to plaintiff's medical needs after he fell off an upper bunk and injured his shoulder; that they

8    denied plaintiff his usual supply of 10 x 13 envelopes free of charge, so as to deny him access to

9    the courts; and that they arranged to transfer him to another prison in retaliation for filing

10   grievances.  For the reasons discussed below, the court concludes that plaintiff states

11   constitutional claims, for screening purposes, against nine defendants:  T. Wynn, C. Haven, S.

12   Woods, T. Dage, K.E. Baker, D. Thomason, E. Lamb, J. Armstrong, and E. Hyland.

13                                            <u>ANALYSIS</u>

14             The Civil Rights Act under which this action was filed provides:

15             Every person who, under color of [state law] ... subjects, or causes
                 to be subjected, any citizen of the United States ... to the
16             deprivation of any rights, privileges, or immunities secured by the
                 Constitution ... shall be liable to the party injured in an action at
17             law, suit in equity, or other proper proceeding for redress.

18   42 U.S.C. § 1983. "Section 1983 ... creates a cause of action for violations of the federal

19   Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir.1997)

20   (internal quotations omitted).

21   A. Eighth Amendment Claims

22             Plaintiff alleges deliberate indifference to the danger created by poorly designed

23   upper bunk beds and inadequate medical care after he fell from an upper bunk.

24             The Eighth Amendment's prohibition of cruel and unusual punishment requires

25   that prison officials take reasonable measures for the safety of inmates. See <u>Farmer</u>, 511 U.S. at

26   834.  A prison official violates the Eighth Amendment only when two requirements are met: (1)

                                                      3

1   the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,

2   deliberately indifferent to the inmate's safety.  See id.  "[O]nly those deprivations denying 'the

3   minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an

4   Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).

5   "The inmate must then make a subjective showing that the deprivation occurred with deliberate

6   indifference to the inmate's health or safety."  Patterson v. County of San Diego, 2010 WL

7   3957398 *3 (S.D.Cal., 2010) (quoting Farmer, 511 U.S. at 834).

8           To reach the "deliberate indifference" standard, a plaintiff must show "that the

9   official was aware of a risk to the inmate's health or safety and that the official deliberately

10  disregarded the risk."  Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009).  An accident,

11  although it may produce added anguish, is not on that basis alone to be characterized as wanton

12  infliction of unnecessary pain."  Estelle, 429 U.S. at 104.

13  1. Bunk bed claim

14          Plaintiff alleges that on May 29, 2009, he suffered an injury to his right shoulder

15  when he fell from his upper bunk at Mule Creek State Prison.  He alleges that the upper bunk is a

16  "hazardous condition" as it lacks grab-bars, rails, ladders, and other safety features to assist

17  inmates in climbing on and off the top bunk.  (FAC at 4-7.)

18          Multiple courts have held that the failure of prison officials to equip a plaintiff's

19  bunk with a ladder or similar safety features does not amount to the deprivation of "a minimal

20  civilized measure of life's necessities."  Johnson v. LeBlanc, 2010 WL 2350474, *3 (M.D. La.,

21  Mar.29, 2010).  See, e.g., Robinett v. Correctional Training Facility, 2010 WL 2867696, *2-3

22  (N.D. Cal., July 20, 2010) ("Requiring an able-bodied inmate to use a bunk bed with two

23  climbing steps without a ladder or handrail does not deny him the minimal civilized measure of

24  life's necessities."); Connolly v. County of Suffolk, 533 F.Supp.2d 236, 241 (D. Mass. 2008)

25  (absence of ladders for bunk beds did not amount to the deprivation of a "minimal civilized

26  measure of life's necessities"); Armstrong v. Terrebonne Parish Sheriff, 2006 WL 1968887, *6

4

1   (E.D. La., June 6, 2006) (holding that the United States Constitution does not require ladders for

2   bunk beds and that, where there was a swivel chair and table to step on, there was "[a] reasonable

3   means of getting into the top bunk, if the inmate would have taken reasonable care for his own

4   safety"); <u>Wilson v. State</u>, 2002 WL 31499736, *7 (W.D. Va., May 6, 2002) (holding that,

5   notwithstanding plaintiff's diagnosed knee condition and complaint of prior falls, "the lack of

6   ladders ... in the jail cells does not constitute a dangerous condition in and of itself.").  Thus

7   prison officials' failure to provide a ladder or other safety features may not reasonably be

8   characterized as a deliberate deprivation of a human need or as a condition that placed plaintiff's

9   health or welfare in imminent danger.  Plaintiff has failed to state an Eighth Amendment claim

10  on this basis.  <u>See Hucker v. California Dept. of Corrections</u>, 2010 WL 4904747 *3-4 (E.D. Cal.

11  Nov. 24, 2010) (dismissing deliberate indifference claim alleging unsafe upper bunks).

12  2.  <u>Medical care claim</u>

13          Plaintiff alleges that defendants failed to provide him with adequate medical care

14  after his fall.  He claims that after he injured his shoulder (later diagnosed as a torn rotator cuff),

15  he was denied immediate access to medical personnel and suffered pain and swelling for over

16  seventy-two hours without being diagnosed or treated.  He apparently was not seen for treatment

17  until June 2, 2009, and alleges that the four-day delay caused him needless pain and distress.

18  He also alleges that, on numerous occasions in June and July 2009, clinic staff failed to dispense

19  his prescribed pain medication, Tylenol  3.  Plaintiff also complains that, in February 2010,

20  senior medical staff denied a physician assistant's request for an MRI of plaintiff's right

21  shoulder.  A prison doctor later concluded that plaintiff met the criteria for an MRI.  (FAC at 8-

22  14.)

23          "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

24  an inmate must show 'deliberate indifference to serious medical needs.'"  <u>Jett v. Penner</u>, 439

25  F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  The two

26  part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by

5

1    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

2    or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need

3    was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d

4    1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

5    1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown

6    by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm

7    caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In

8    order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient

9    facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk

10   to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

11          In applying this standard, the Ninth Circuit has held that before it can be said that

12   a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

13   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

14   cause of action. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing

15   Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or

16   treating a medical condition does not state a valid claim of medical mistreatment under the

17   Eighth Amendment. Medical malpractice does not become a constitutional violation merely

18   because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,

19   45 F.3d 1310, 1316 (9th Cir.1995); McGuckin, 974 F.2d at 1050, overruled on other grounds,

20   WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate

21   indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

22   1990).

23          Also, "a difference of opinion between a prisoner-patient and prison medical

24   authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662

25   F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that

26   the course of treatment the doctors chose was medically unacceptable under the circumstances ...

6

1   and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's

2   health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A

3   prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

4   indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

5            Here, while plaintiff's injured shoulder likely constitutes a serious medical need,

6   plaintiff's allegations that prison officials denied him immediate care because "the waiting room

7   was already full" does not plausibly suggest the culpable state of mind required for deliberate

8   indifference.  (FAC at 8.)  Similarly, plaintiff's allegations that clinic staff turned him away on

9   June 1, 2009 because "the doctor was late and hadn't arrived yet" and plaintiff would have to

10  wait one more day for an appointment, do not plausibly suggest that medical staff were

11  deliberately indifferent.  (FAC at 10.)  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

12  1990) (delay of several days in receiving pain medication for a broken shoulder was not an

13  Eighth Amendment violation); Robinson v. Solano State Prison, 2011 WL 4928722 (E.D. Cal.

14  Oct. 17, 2011) (dismissing claim that prison officials were deliberately indifferent to medical

15  needs after plaintiff fell off upper bunk and broke his shoulder).  Plaintiff's claim that he was

16  initially denied an MRI constitutes a mere difference of opinion between plaintiff and prison

17  medical authorities regarding his course of treatment.

18           However, the court concludes that, for purposes of screening, plaintiff states a

19  deliberate indifference claim concerning medical staff's failure to provide him his prescribed

20  pain medication on numerous days in June and July 2009.  Plaintiff alleges that he was

21  prescribed Tylenol 3 (containing acetaminophen and codeine) for the period of June 15, 2009

22  through July 27, 2009.  He alleges that clinic staff, consisting of defendants Wynn, Haven,

23  Woods, and Dage, failed to dispense this medication on multiple dates within that period and

24  "failed to correct the problem and repeated it after plaintiff demanded his medication."  (FAC at

25  11-12.)  Plaintiff may proceed on this aspect of his deliberate indifference claim.

26  \\\\

B.  Access to courts claim

      Plaintiff alleges that, by requiring him to pay for 10" x 13" manila envelopes, which he had previously received free of charge, prison staff denied him his right of access to the courts, as he had an upcoming filing deadline in a case and needed a large envelope to send in his legal papers.

      Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354.  A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury."  Lewis, 518 U.S. at 349-50.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.

      Here, plaintiff's access to courts claim is patently frivolous.  He has not alleged actual injury, merely that prison staff required him to exchange multiple small envelopes for one legal-sized envelope  pursuant to California Code of Regulations section 3138(b), which went into effect in January 2010.  Plaintiff's complaint that prison staff required him to submit more small envelopes than section 3138(b) required does not sound in constitutional law.  Thus plaintiff does not state an access-to-courts claim.

C.  Retaliation claim

      Finally, plaintiff alleges that prison staff decided to transfer him to Avenal State Prison in retaliation for filing administrative grievances about the envelope issue.  Plaintiff alleges that, during an interview concerning one such grievance in November 2009, defendant K. Baker, plaintiff's correctional counselor, asked plaintiff "if he liked being in the best prison in the state where someone like him could be safe," which plaintiff took to be "an implied threat of transfer" if plaintiff did not stop challenging the envelope policy.  (FAC at 32.)  Plaintiff

8

1   continued to pursue his grievance about this issue, and on January 15, 2009, defendant Baker

2   allegedly "informed [him] that she was recommending him for transfer to [Avenal] state prison."

3   (Id. at 33.)  Plaintiff requested to stay at Mule Creek State Prison based on a variety of factors,

4   but defendant Baker "refused to discuss the subject and told plaintiff to pick a secondary prison

5   to go to."  Plaintiff accused defendant Baker of retaliating against him for filing grievances, and

6   she allegedly responded that "if I were you I wouldn't bring that up at the committee hearing

7   because you would [surely] end up where you didn't want to be."  (Id. at 33-34.)

8           Plaintiff further alleges that, at a January 22, 2010 meeting of the classification

9   committee, defendant Baker presented a Reclassification Score Sheet she had prepared.  Plaintiff

10  alleges that defendants E. Lamb, K.E. Baker, J. Armstrong, and E. Hyland were on the committee

11  and decided to transfer plaintiff despite a lack of legitimate supporting factors.  Plaintiff

12  expressed his belief to the committee that his proposed transfer was in retaliation for filing

13  grievances, but committee members were allegedly dismissive.  Defendant Lamb allegedly told

14  plaintiff that if he continued to complain "during this hearing I'll make sure you are on the next

15  bus out of here."  (FAC at 34.)  In response to an administrative appeal filed in April 2010,

16  appeals coordinator defendant D. Thomason allegedly stated that plaintiff was being transferred

17  "due to lack of bed space."  (Id. at 37.)

18          Within the prison context, a viable claim of First Amendment retaliation entails

19  five basic elements: (1) An assertion that a state actor took some adverse action against an inmate

20  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

21  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

22  legitimate correctional goal ."  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

23          Filing a grievance is a protected action under the First Amendment.

24  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Being moved to another

25  facility could be an adverse action.  See Rhodes, supra, 408 F.3d at 568 (arbitrary confiscation

26  and destruction of property, initiation of a prison transfer, and assault in retaliation for filing

1   grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) (retaliatory prison transfer and

2   double-cell status in retaliation).  Here, the court concludes that plaintiff has alleged facts

3   sufficient to state a retaliation claim for screening purposes against defendants K.E. Baker,  E.

4   Lamb, J. Armstrong, E. Hyland, and D. Thomason.

5              In light of the above, the court concludes that defendants Mike Martel, Peter

6   Vanni, Ray Garcia, B. Gascon, Kelly Martinez, E. Sapata, Heidy Lackner, T. Reece, Mr./Mrs.

7   Kemp, S. Frisk, and Lonnie Jackson should be dismissed from this action.  The court also finds

8   that the Eighth Amendment claim concerning dangerous conditions should be dismissed; the

9   Eighth Amendment claim alleging medical indifference should be dismissed except to the extent

10  that it alleges failure to dispense plaintiff's prescribed pain medication in June and July 2009;

11  and the access to courts claim should be dismissed.

12             However, plaintiff will be given 28 days from the date of service of this order to

13  amend his complaint to cure any deficiencies outlined above.  Plaintiff is not required to file a

14  second amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss

15  the above-mentioned defendants and causes of action with prejudice.  Upon filing a second

16  amended complaint or expiration for the time allowed therefor, the court will make further orders

17  for service of process upon some or all of the defendants.

18             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22  there is some affirmative link or connection between a defendant's actions and the claimed

23  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

24  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

25  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

26  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any second amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Mike Martel, Peter Vanni, J. Armstrong, Ray Garcia, B. Gascon, Kelly Martinez, E. Sapata, Heidy Lackner, T. Reece, Mr./Mrs. Kemp, S. Frisk, E. Lamb, E. Hyland, and Lonnie Jackson are dismissed with leave to amend.  Additionally, the Eighth Amendment claim concerning dangerous conditions, the Eighth Amendment claim alleging medical indifference (excluding the failure to dispense plaintiff's prescribed pain medication in June and July 2009), and the access to courts claim are dismissed with leave to amend.

2. Plaintiff is granted 28 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file a second amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendants and causes of action.

3. If plaintiff elects to amend, any second amended complaint shall bear the docket number assigned to this case, shall be labeled "Second Amended Complaint," and shall not exceed twenty (20) pages.

\\\\

\\\\

4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: October 31, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hisc0467.B