1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL R. HISCOX,

11          Plaintiff,                    No. 2:10-cv-0467 JAM CKD P

12      vs.

13   MIKE MARTEL, et al.,                     ORDER

14          Defendants.

15   _____/

16          Pending before the court is defendants' December 20, 2012 motion for a

17   protective order. (Dkt. No. 40.)  Plaintiff has filed an opposition, and defendants have filed a

18   reply.  (Dkt. Nos. 42, 46.)  The background to this motion is as follows:

19          On November 8, 2012, after process directed to defendant C. Haven was returned

20   unserved, the court directed plaintiff to "promptly seek . . . through discovery" information about

21   the whereabouts of this defendant.  (Dkt. No. 36.)

22          On December 5, 2012, plaintiff served a discovery request on defendants Woods,

23   Wynne, and Dage seeking "the identity and location of defendant C. Haven."  He also requested

24              1.  The [n]ame and position of all personnel who worked in the
                 Facility B Clinic who were responsible for the delivery and
25              dispensing of medication to inmates during the hours of 14:00 to
                 22:00 on the dates of June 15, 2009 through July 27, 2009;

26

1         2. The dates they were on duty; and

2         3. If they are currently employed by CDCR or, if not, at what date
           did they leave employment with the CDCR.

3

4  (Dkt. No. 40-1 at 4.)

5         On December 20, 2012, defendants filed the instant motion, which sought to stay

6  discovery pending a ruling on their motion to dismiss the complaint, filed on January 9, 2013.

7  (Dkt. No. 40.)  Defendants argued that responding to plaintiff's discovery requests was unduly

8  burdensome at this stage of the litigation.  They further argued that plaintiff would not be

9  prejudiced by the requested protective order, as he could later tailor his discovery requests to

10  those claims that survived the motion to dismiss.  (Id. at 4.)

11         In his opposition to defendants' motion, plaintiff  stipulated to "limit [his second]

12  discovery request to the date of June 19, 2009" in order to reduce the burden on defendants and

13  allow him to obtain information sufficient to serve C. Haven.  Plaintiff stated that he had

14  requested information about defendant Haven through the California Public Records Act and

15  from the Warden and the Custodian of Records at Mule Creek State Prison, but had received no

16  response.  Thus he had "exhausted his available means to obtain the identity or location of

17  Defendant C. Haven."  (Dkt. No. 42 at 3.)

18         Complicating matters, on January 31, 2013, the court issued findings and a

19  recommendation that defendant C. Haven be dismissed from this action.  (Dkt. No. 45.)  That

20  ruling was in error, as it did not take into account the fact that plaintiff was still trying to obtain

21  information about defendant Haven and that his discovery requests were the subject of the

22  pending instant motion.  The court will therefore vacate its January 31, 2013 findings and

23  recommendations.

24         On February 5, 2013, defendants filed a reply.  (Dkt. No. 46.)  Based on the

25  court's recommendation of January 31, they assert that plaintiff's request for the "identity and

26  location" of defendant Haven is moot.  Also, because plaintiff in his opposition limited his

1  second discovery request to the date of June 19, 2009, defendants withdraw their earlier

2  argument that responding to the request is unduly burdensome.  They assert that they have served

3  a discovery response on plaintiff that provides the information sought, subject to various

4  privileges and objections which are not at issue here.  (Id. at 2.)  Thus, defendants reasonably

5  conclude that the instant motion is moot.

6            Because defendant Haven should not be dismissed at this stage, however,

7  plaintiff's request for Haven's identity and location is still in play.

8            The court has great discretion to issue protective orders.  BRS Land Investors v.

9  United States, 596 F.2d 353, 356 (9th Cir. 1979).  While it has been held that "[d]iscovery need

10  not cease during the pendency of a motion to dismiss," SK Hand Tool Corp. v. Dresser Indust.,

11  Inc., 852 F.2d 936, 945, n.11 (7th Cir. 1988), a court may limit discovery under Fed. R. Civ. P.

12  26(c)(4) "for good cause" and stay discovery when it believes that the plaintiff will be unable to

13  state a claim for relief.  Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).  In this regard, a

14  United States Magistrate Judge "has broad discretion to stay discovery pending decision on a

15  dispositive motion."  Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir.

16  1985).

17            Here, as plaintiff has been unable to effect service on defendant Haven and would

18  be prejudiced if his complaint were dismissed before he was able to serve this defendant, the

19  court will order defendants to respond to plaintiff's request for the "identity and location" of

20  defendant C. Haven.[1]  Timely supplying such information about a named defendant is not unduly

21  burdensome.  Defendants are correct that their motion as to plaintiff's second discovery request

22  is now moot, as defendants have provided a response.  However, the court will grant defendants'

23  motion to the following extent: Further discovery in this action will be stayed pending resolution

24  of defendants' motion to dismiss.

25

26         [1] This request could be reasonably interpreted as seeking C. Haven's full name and any known address for purposes of service.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1. The January 31, 2013 findings and recommendations (Dkt. No. 45) are hereby

3 vacated;

4    2. Defendants' motion for protective order (Dkt. No. 40) is denied to the

5 following extent: Within 30 days, defendants shall respond to plaintiff's discovery request for

6 "the identity and location of defendant C. Haven."

7    3.  Defendant's motion (Dkt. No. 40) is granted to the following extent: Further

8 discovery in this action is stayed pending resolution of defendants' motion to dismiss, filed

9 January 9, 2013.

10   Dated: February 7, 2013

11

12                                           CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE
13

14
     2
15   hisc0467.prot

16

17

18

19

20

21

22

23

24

25

26