IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL R. HISCOX,

    Plaintiff,                     No. 2:10-cv-0467 JAM CKD P

  vs.

MIKE MARTEL, et al.,                  <u>ORDER</u>

    Defendants.

_____/

        Pending before the court is defendants' December 20, 2012 motion for a protective order. (Dkt. No. 40.) Plaintiff has filed an opposition, and defendants have filed a reply. (Dkt. Nos. 42, 46.) The background to this motion is as follows:

        On November 8, 2012, after process directed to defendant C. Haven was returned unserved, the court directed plaintiff to "promptly seek . . . through discovery" information about the whereabouts of this defendant. (Dkt. No. 36.)

        On December 5, 2012, plaintiff served a discovery request on defendants Woods, Wynne, and Dage seeking "the identity and location of defendant C. Haven." He also requested

> 1. The [n]ame and position of all personnel who worked in the Facility B Clinic who were responsible for the delivery and dispensing of medication to inmates during the hours of 14:00 to 22:00 on the dates of June 15, 2009 through July 27, 2009;

    2. The dates they were on duty; and

    3. If they are currently employed by CDCR or, if not, at what date did they leave employment with the CDCR.

(Dkt. No. 40-1 at 4.)

    On December 20, 2012, defendants filed the instant motion, which sought to stay discovery pending a ruling on their motion to dismiss the complaint, filed on January 9, 2013. (Dkt. No. 40.) Defendants argued that responding to plaintiff's discovery requests was unduly burdensome at this stage of the litigation. They further argued that plaintiff would not be prejudiced by the requested protective order, as he could later tailor his discovery requests to those claims that survived the motion to dismiss. (Id. at 4.)

    In his opposition to defendants' motion, plaintiff stipulated to "limit [his second] discovery request to the date of June 19, 2009" in order to reduce the burden on defendants and allow him to obtain information sufficient to serve C. Haven. Plaintiff stated that he had requested information about defendant Haven through the California Public Records Act and from the Warden and the Custodian of Records at Mule Creek State Prison, but had received no response. Thus he had "exhausted his available means to obtain the identity or location of Defendant C. Haven." (Dkt. No. 42 at 3.)

    Complicating matters, on January 31, 2013, the court issued findings and a recommendation that defendant C. Haven be dismissed from this action. (Dkt. No. 45.) That ruling was in error, as it did not take into account the fact that plaintiff was still trying to obtain information about defendant Haven and that his discovery requests were the subject of the pending instant motion. The court will therefore vacate its January 31, 2013 findings and recommendations.

    On February 5, 2013, defendants filed a reply. (Dkt. No. 46.) Based on the court's recommendation of January 31, they assert that plaintiff's request for the "identity and location" of defendant Haven is moot. Also, because plaintiff in his opposition limited his

second discovery request to the date of June 19, 2009, defendants withdraw their earlier argument that responding to the request is unduly burdensome. They assert that they have served a discovery response on plaintiff that provides the information sought, subject to various privileges and objections which are not at issue here. (Id. at 2.) Thus, defendants reasonably conclude that the instant motion is moot.

Because defendant Haven should not be dismissed at this stage, however, plaintiff's request for Haven's identity and location is still in play.

The court has great discretion to issue protective orders. BRS Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). While it has been held that "[d]iscovery need not cease during the pendency of a motion to dismiss," SK Hand Tool Corp. v. Dresser Indust., Inc., 852 F.2d 936, 945, n.11 (7th Cir. 1988), a court may limit discovery under Fed. R. Civ. P. 26(c)(4) "for good cause" and stay discovery when it believes that the plaintiff will be unable to state a claim for relief. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981). In this regard, a United States Magistrate Judge "has broad discretion to stay discovery pending decision on a dispositive motion." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985).

Here, as plaintiff has been unable to effect service on defendant Haven and would be prejudiced if his complaint were dismissed before he was able to serve this defendant, the court will order defendants to respond to plaintiff's request for the "identity and location" of defendant C. Haven.[1] Timely supplying such information about a named defendant is not unduly burdensome. Defendants are correct that their motion as to plaintiff's second discovery request is now moot, as defendants have provided a response. However, the court will grant defendants' motion to the following extent: Further discovery in this action will be stayed pending resolution of defendants' motion to dismiss.

---

[1] This request could be reasonably interpreted as seeking C. Haven's full name and any known address for purposes of service.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 31, 2013 findings and recommendations (Dkt. No. 45) are hereby vacated;

2. Defendants' motion for protective order (Dkt. No. 40) is denied to the following extent: Within 30 days, defendants shall respond to plaintiff's discovery request for "the identity and location of defendant C. Haven."

3. Defendant's motion (Dkt. No. 40) is granted to the following extent: Further discovery in this action is stayed pending resolution of defendants' motion to dismiss, filed January 9, 2013.

Dated: February 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hisc0467.prot